UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BROWN FAMILY TRUST, LLC, | : | Case No. 3:13-cv-314 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| DICK'S CLOTHING AND SPORTING GOODS, INC., | : | |
| Defendant. | : | |

**DECISION AND ENTRY DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM OF DEFENDANT (Doc. 12)**

This civil case is before the Court on the Motion of Plaintiff Brown Family Trust ("Plaintiff") to Dismiss the Counterclaim of Defendant Dick's Clothing and Sporting Goods, Inc. ("Defendant").  (Doc. 12).  Defendant filed a Memorandum in Opposition to Plaintiff's Motion.  (Doc. 13).  Plaintiff filed a Reply Memorandum in Support of its Motion.  (Doc. 14).  Plaintiff's Motion is now ripe for decision.

**I.  STANDARD OF REVIEW**

A motion to dismiss filed pursuant to FED. R. CIV. P. 12(b)(6) operates to test the sufficiency of a pleading and permits dismissal for "failure to state a claim upon which relief can be granted."  To show grounds for relief in a pleading, FED. R. CIV. P. 8(a) requires that the pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While FED. R. CIV. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

For purposes of this motion to dismiss, the Court must "accept all non-conclusory allegations of fact as true and decide whether the [pleader] has stated a plausible claim for relief." *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 401 (6h Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). Further, the Court must "construe defendant's counterclaim liberally and in the defendant's favor[.]" *United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Indus., Local No. 577 v. Ross Bros. Constr. Co.*, 191 F.3d 714, 716 (6th Cir. 1999) (citations omitted).

## II. FACTUAL ALLEGATIONS

Plaintiff owns a commercial property at 234 North Springboro Pike in Miamisburg, Ohio ("the leased premises"). (Docs. 3, 6). In 1987, Builders Square, Inc. ("Builders Square") leased the premises pursuant to a written lease agreement. (Docs. 3, 6). In November 1994, Builders Square assigned its interest in the lease to Defendant. (Docs. 3, 6). The Lease between the parties required that all necessary maintenance, repair and replacement concerning the roof of the leased premises was solely the responsibility of Plaintiff. (Doc. 6, PAGEID 111). Specifically, the lease stated that:

> Tenant shall make and pay for all maintenance, replacement and repair necessary to keep the demised premises in a good state of repair and tenantable condition, except for the following maintenance, replacement or repair which shall remain the Landlord's sole responsibility:
>
> all maintenance, replacement and repair to the roof, outer walls and structural portion of the building which shall be necessary to

2

>maintain the building in a safe, dry and tenantable condition in good order and repair.

(Doc. 3-1, PAGEID 71).

Defendant alleges that, in 2001, the roof of the leased premises required replacement because it was in a state of disrepair.  (Doc. 6, PAGEID 111).  Defendant alleges that "Plaintiff denied any obligation" to replace the roof of the leased premises.  (*Id.*)  Defendant alleges that, because Plaintiff's failed to replace the roof, Defendant exercised self-help measures under the Lease and paid for installation of a new roof on the leased premises.  (*Id.*)  The self-help provision of the Lease states that:

>In the event Landlord . . . shall fail to perform any obligation specified in this lease, then Tenant may, after the continuance of any such default for seven (7) days after written notice thereof by Tenant, . . . do all necessary work and make all necessary payment in connection therewith, and Landlord shall on demand, pay Tenant forthwith the amount so paid by Tenant together with interest thereon at the rate of ten percent (10%) per annum or the then current prime rate, whichever is the higher, from the date of payment until re-payment, and Tenant may to the extent necessary withhold any and all rental payments and other payments thereafter due to Landlord and apply the same to payment of such indebtedness.

(Doc. 3-1, PAGEID 79) (hereinafter referred to as "the self-help provision").

Defendant alleges that from 2001 through the termination of the Lease in 2013, Defendant, at its own cost and expense, maintained and made all necessary repairs to the roof despite the fact that it was Plaintiff's obligation to maintain and repair the roof pursuant to the terms of the Lease.  (*Id.*)  Defendant alleges that Plaintiff's failure to replace the roof constitutes a breach of the Lease and Defendant is entitled to recoup the costs of the roof replacement from Plaintiff.  (*Id.*)

3

### III.  ANALYSIS

Plaintiff moves to dismiss the counterclaim asserted by Defendant on the grounds that Defendant fails to allege that it provided written notice to Plaintiff before undertaking replacement, repair and/or maintenance of the roof.  Plaintiff argues that, absent any specific allegations that Defendant complied with the notice and seven-day wait requirements of the self-help provision, Defendant's replacement of the roof amounts to a voluntary payment that Defendant cannot now recover from Plaintiff.[1]  In response, Defendant argues that "it is not necessary to specifically plead that it gave [Plaintiff] written notice" and, regardless, that it "implicitly averred that it gave [Plaintiff] notice of its obligation to replace the roof by alleging that Landlord affirmatively denied its obligation to do so."  (Doc. 13, PAGEID 157).

Certainly, the Lease between the parties provided that Plaintiff bore sole responsibility for maintaining, replacing and repairing the roof of the leased premises during the Lease term.  Defendant's counterclaim sets forth allegations that, if true, establish that Plaintiff breached its obligations to replace, repair and maintain the roof.  Plaintiff does not challenge Defendant's counterclaim in this regard.

---

[1] The voluntary payment doctrine under Ohio law provides that "'[i]n the absence of fraud, duress, compulsion or mistake of fact, money, voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay.'"  *Salling v. Budget Rent-A-Car Sys.*, 672 F.3d 442, 444-445 (citing *Scott v. Fairbanks Capital Corp.*, 284 F.Supp.2d 880, 894 (S.D. Ohio 2003) and *State ex rel. Dickman v. Defenbacher*, 151 Ohio St. 391, 86 N.E.2d 5, 7 (1949)).  Here, as is apparent from Plaintiff's Motion (Doc. 12) and Reply (Doc. 14), the voluntary payment doctrine comes into play at this stage of the litigation only if Defendant's counterclaim is deficient in alleging compliance with the terms of the self-help provision.  Certainly, the terms of the self-help provision establish that Defendant could demand payment from Plaintiff if Defendant undertook such work and complied with all conditions precedent to reimbursement.

Plaintiff does challenge, however, Defendant's ability to demand reimbursement under the self-help provision of the Lease.  The self-help provision allowed Defendant to undertake the maintenance, replacement or repair work itself and demand payment from Plaintiff for undertaking such responsibilities only if it: (1) gave Plaintiff written notice of Plaintiff's failure to perform its obligations in that regard; and (2) Plaintiff failed to cure that default within seven days after written notice.  From Plaintiff's perspective, the notice and seven-day wait language within the self-help provision acts as a condition precedent to Defendant's ability to undertake the maintenance, replacement and repair of the roof and subsequently demand reimbursement from Plaintiff for its expenses in doing so.  (Doc. 14, PAGEID 162).

Pursuant to FED. R. CIV. P. 9(c), "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." However, "Rule 9 does not expressly require that performance of conditions be pled, it merely sets forth the manner in which such pleadings should be made." *Kiernan v. Zurich Companies*, 150 F.3d 1120, 1123-24 (9th Cir. 1998); *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F.Supp.2d 639, 649 (E.D.N.Y. 2012).  This Court agrees with these authorities and concludes that Defendant was not required to plead

5

performance of conditions precedent to recovery.[2] On this basis alone, Plaintiff's Motion to Dismiss should be denied.

However, even assuming Defendant was required to plead satisfaction of conditions precedent to recovery, Defendant sufficiently meets the general pleading standard set forth in Rule 9(c). "While *Iqbal* interprets Rule 8(a)'s requirement that a plaintiff plead a 'short and plain statement of the claim showing that the pleader is entitled to relief,' it 'does not alter the standard established by Rule 9(c) for pleading conditions precedent.'" *BAC Fin. Services, Inc. v. Multinational Life Ins. Co.*, No. 13-21529, 2013 WL 5929428, *2 (S.D. Fla. Nov. 5, 2013) (citing *El–Ad Residences At Miramar Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, No. 09-CV-60723, 2009 WL 3019786, at *2 (S.D. Fla. Sept. 23, 2009)).

Here, Defendant specifically alleges that Plaintiff denied its obligation to replace the roof and that Defendant exercised the self-help measures under the Lease. (Doc. 6, PAGEID 111). The Court concludes that these allegations are sufficient to meet the general pleading standard required by FED. R. CIV. P. 9(c) for pleading satisfaction of conditions precedent. *See Mendez*, 840 F.Supp.2d at 649-51. Accordingly, based on the foregoing, the Court **DENIES** the Motion of Plaintiff Brown Family Trust to Dismiss Counterclaim of Defendant. (Doc. 12).

---

[2] Some courts conclude that, while "neither Rule 9(c) nor Rule 8(a)(2) requires pleading conditions precedent . . . [t]he general rule . . . appears to be such conditions should in fact be pleaded." *Arch Wood Protection, Inc. v. Flamedxx, LLC*, 932 F.Supp.2d 858, 869-70 (E.D. Tenn. 2013) (citing *Ginsburg v. Ins. Co. of N. Am.*, 427 F.2d 1318, 1321-22 (6th Cir. 1970)). "[W]here a condition precedent has not been alleged, a district court is within its discretion to allow an amendment to the complaint, which would provide a plaintiff the opportunity to rectify the omission." *Id.* at 870.

**IT IS SO ORDERED.**

Date:  2/18/14                              */s/ Timothy S. Black*
                                            Timothy S. Black
                                            United States District Judge